

FILED & ENTERED

JUN 22 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Shannon Marie Magness and<br>Kelly Scott Johnson,<br><br>Debtor(s). | Case No.: 8:16-bk-14257-MW<br><br>Chapter: 7<br><br>Adv. No: 8:17-ap-01076-MW |
| The William G. Joiner Trust Dated 2/6/02,<br><br>Plaintiff(s),<br><br>v.<br><br>Shannon Marie Magness and<br>Kelly Scott Johnson,<br><br>Defendant(s). | **MEMORANDUM DECISION AND ORDER STRIKING DEFENDANTS' ANSWER AND ENTERING A DEFAULT**<br><br><u>Hearing:</u><br>Date:    June 13, 2018<br>Time:    9:00 a.m.<br>Place:   411 West Fourth Street<br>       Courtroom 6C<br>       Santa Ana, CA 92701 |

Following the failure of the first pretrial conference on March 28, 2018 by reason of the material noncompliance of defendants Kelly Scott Johnson and Shannon Marie Magness ("Defendants") with the requirements of a Court order filed and entered under the authority of Federal Rule of Bankruptcy Procedure 7016 and Federal Rule of Civil

Procedure 16(b), this adversary proceeding came on for a second, continued pretrial

conference on May 2, 2018. Defendants failed to appear when the matter was called and

failed for a second time to either join with plaintiff William G. Joiner Trust Dated 2/6/02

("Plaintiff") in filing with the Court a joint proposed pretrial order or stipulation or,

alternatively, file a unilateral proposed pretrial order or stipulation, all as specifically

required by the Court's scheduling order issued under the authority of Federal Rule of Civil

Procedure 16(b) (which order incorporated by reference requirements of Local Bankruptcy

Rule 7016-1(d), (g)).

Based upon Defendants' repeated and material failure to comply with Federal Rule

of Bankruptcy Procedure 7016 (incorporating by reference Federal Rule of Civil Procedure

16) at both the first and the second pretrial conference held in this adversary proceeding

and their failure to appear at the second pretrial conference when the matter was called,

and for other reasons hereinafter set forth, the Court strikes Defendants' answer and

enters their default as a sanction for willfully and materially violating the aforementioned

rules and ignoring numerous oral and written warnings given to them by this Court with

respect to the necessity and importance of complying with such rules.

## FINDINGS OF FACT

Defendants are serial bankruptcy filers. Shannon Marie Magness ("S. Magness")

filed a chapter 7 petition in this Court on September 10, 2014. The case was dismissed on

November 25, 2014. S. Magness filed for bankruptcy again on December 2, 2014.

Plaintiff filed a motion for relief from stay in that proceeding for the purpose of foreclosing

on Defendants' Laguna Hills, California real property. The Court granted relief from stay

pursuant to 11 U.S.C. § 362(d)(4) by order filed and entered February 13, 2015 and

expressly found that the filing of S. Magness's bankruptcy petition was part of a scheme to

hinder, delay or defraud creditors and that S. Magness was involved in such scheme. This

case was closed without a discharge on September 29, 2015 (S. Magness had failed to file

a Financial Management Course Certificate). Defendants filed a chapter 13 petition on

October 14, 2016.  Plaintiff commenced this adversary proceeding against Defendants on May 15, 2017, alleging that Defendants' indebtedness and liability to Plaintiff is excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(6).

Following the commencement of the adversary proceeding, there was served on Defendants by Plaintiff a document entitled "Early meeting of Counsel and Status Conference Instructions," Docket No. 2, filed May 15, 2017.  This document (the "First Warning") warned Defendants in boldface type as follows:

> **11.  Joint Pre-Trial Order.  Failure to timely file a Joint Pre-Trial order may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding.  The failure of either party to cooperate in the preparation of timely filing of a Joint Pre-Trial Conference [sic] or appear at the Joint Pre-Trial Conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).**

The Court held a status conference on August 2, 2017 and orally warned Plaintiff and Defendants (the "Second Warning") that the Court strictly applies the Local Bankruptcy Rules relating to pretrial conferences and expected the parties to comply with those rules:

> THE COURT:  And the Court would like to put the parties on notice that it applies the Local Bankruptcy Rules relating to pretrial conferences very strictly and expects the parties to comply with those rules.  Please read the Local Bankruptcy Rules, understand them.  This should all be done well in advance, at least 60 days in advance of the pretrial conference.  And – because if there's a material default by the Plaintiff, the most likely outcome is the Court would grant judgment of dismissal in favor of the Defendant.  And if there's a material default by the Defendant, the most likely outcome is the Court would strike the answer and enter a default.  So the parties are on notice of that.  The Court will prepare the order here, and we'll see the parties back in due course.
>
> MR. JOHNSON:  All right.  I appreciate it, your honor.

Transcript of Status Conference Hearing Re:  Complaint For Exception to Discharge Under 11 U.S.C. Section 523, August 2, 2017 at 3, lines 20-25, 4, lines 1-11.

Pursuant to Federal Rule of Bankruptcy Procedure 7016 and  Federal Rule of Civil Procedure 16(b), the Court issued a Scheduling Order, Docket No. 6, filed and entered

August 3, 2017 (the "Scheduling Order and Third Warning"), that set the pretrial

conference for March 28, 2018 at 9:00 a.m. and stated as follows in bold face type:

> **The Court would like to place the parties on notice that it is this Court's policy to strictly enforce the Local Bankruptcy Rules relating to pretrial conferences (specifically, LBR 7016) and the Court's procedures supplement to those rules, which are published on the court's website. The parties are expected to comply with those rules. Therefore, please read the Local Bankruptcy Rules and procedures well in advance of the pretrial conference. Failure to comply with the provisions of this order may subject the responsible party to sanctions, including judgment of dismissal for material noncompliance by the plaintiff or the entry of a default and a striking of the answer for material noncompliance by the defendant.**

The Court held the first pretrial conference in this adversary proceeding as

scheduled on March 28, 2018. The pretrial conference was a failure because Defendants

had failed to reach agreement with Plaintiff as to the contents of a joint proposed pretrial

stipulation and also had failed to file a unilateral proposed pretrial stipulation as required by

the order issued under Rule 16(b) (incorporating by reference Local Bankruptcy Rule

7016-1), namely the Scheduling Order and Third Warning. Following the failure of the first

pretrial conference on March 28, 2018, the Court entered its Order Continuing Pre-Trial

Conference Hearing, Docket No. 14, filed and entered March 29, 2018 (the "Continuance

Order and Fourth Warning") under the authority of Federal Rule of Civil Procedure 16(b)

that provided in relevant part as follows:

> The Court hereby continues the pre-trial conference to **May 2, 2018 at 9:00 a.m.** to allow the parties additional time to arrive at a joint proposed pre-trial order or stipulation.
>
> **The Court would like to remind the parties that it is this Court's policy to strictly enforce the Local Bankruptcy Rules relating to pretrial conferences (specifically, LBR 7016) and the Court's procedures supplement to those rules, which are published on the court's website. The parties are expected to comply with those rules. Therefore, please read the Local Bankruptcy Rules and procedures well in advance of the pretrial conference. Failure to comply with the provisions of this order may subject the responsible party to sanctions, including judgment of dismissal for material noncompliance by the plaintiff or the entry of a default and a striking of the answer for material noncompliance by the defendant. [Bold face type in the original]**

//

Defendants repeatedly ignored these very explicit multiple warnings and failed to comply, not merely once, but on three separate occasions:

1.  The Scheduling Order and Third Warning issued under the authority of Federal Rule of Civil Procedure 16(b) required Defendants to comply with Local Bankruptcy Rule 7016-1, whose terms were incorporated by reference.  This rule requires a defendant in an adversary proceeding to either agree to the plaintiff's proposed pretrial stipulation or, if such pleading is regarded by a defendant as unsatisfactory, to "[i]mmediately contact plaintiff in a good faith effort to achieve a joint pretrial proposed stipulation" and, if such effort is unsuccessful, to prepare a separate (unilateral) proposed pretrial stipulation and file or lodge it with the Court.  LBR 7016-1(d).  Here, the evidence shows that Plaintiff provided Defendants with a draft of a proposed pretrial stipulation on March 7, 2018.  Defendants made no good faith effort to timely respond to Plaintiff, waiting until it was effectively too late to reach agreement before finally responding to Plaintiff at the eleventh hour.  Declaration of Michael E. McCarthy Regarding Pretrial Stipulation Pursuant to Central District Local Bankruptcy Rule 7016-1(e), Docket No. 13, filed March 14, 2018 at 2-3.  The Court finds as a fact that Defendants acted in bad faith in that respect.  Defendants then failed to file a unilateral proposed pretrial stipulation as required by Local Bankruptcy Rule 7016-1(d).  The Court finds that such failure was willful and that Defendants were at fault for such noncompliance.  Faced with only Plaintiff's unilateral (i.e., not joint) proposed pretrial stipulation, it was apparent to the Court that the March 28 pretrial conference had effectively been ruined by Defendants' conduct and would be useless to conduct.  The Court therefore continued the pretrial conference for over one full month, to May 2, 2018, to provide Defendants with another opportunity to comply with the Scheduling Order and Third Warning and the newly-issued Continuance Order and Fourth Warning and to heed the prior oral and written warnings given by the Court to Defendants with respect to the

1   need to comply with pretrial rules and procedures and the terminating sanctions

2   they would face if material noncompliance occurred.

3   2.  This sequence of violation of Court orders and material noncompliance by

4   Defendants repeated itself with respect to the second attempted pretrial

5   conference held on May 2, 2018.  The record shows that Plaintiff sent Kelly

6   Scott Johnson an email on March 27, 2018 at 11:46 a.m. advising him that the

7   Court had continued the pretrial conference to May 2, 2018 and that Plaintiff was

8   still waiting for Defendants to comply with the Local Bankruptcy Rules and reach

9   agreement (which can be an agreement to disagree) on the terms of a proposed

10  pretrial stipulation.  Plaintiff requested a response no later than April 4, 2018.

11  Mr. Johnson replied to this email on April 9, 2018, complaining about

12  "unilateral/artificial deadlines" and stating that "Mr. Joiner will be going to Jail

13  and/or Hell or both. . . and we are still on track for that."   Second Declaration of

14  Michael E. McCarthy Regarding Pretrial Stipulation Pursuant to Central District

15  Local Bankruptcy Rule 7016-1(e), Docket No. 17, filed April 18, 2018 at 3-4.

16  Once again, Defendants failed to either work out a mutually-acceptable

17  proposed pretrial stipulation with Plaintiff or, failing that, to file their own

18  unilateral proposed pretrial order as required by Local Bankruptcy Rule 7016-

19  1(d).  Defendants contend in the Johnson Declaration (as hereinafter defined)

20  that Defendants proposed changes and/or additions to a number of provisions in

21  Plaintiff's proposed pretrial order and that Plaintiff disregarded those requests.

22  Even if this is true, Defendants had a remedy available to them:  timely file a

23  unilateral proposed pretrial order.  They failed to do this, and no just cause

24  exists for such failure.  The Johnson Declaration asserts that a fire occurred at

25  Public Storage on April 29, 2018, where they store household and personal

26  items "including some of my legal files," but makes no showing whatsoever that

27  this fire actually impacted their ability to comply with Court orders.  Similarly, the

28  contention in the Johnson Declaration that he was prevented from contacting

Plaintiff's counsel because he was hosting his cousin, Erik Johnson, who had flown in from Iowa for a ten day vacation is not an acceptable excuse for failing to comply with Court orders, notwithstanding that Erik Johnson was taking his first vacation in forty years and is "a hard-working farm kid from Iowa."  The Court finds as a fact that Defendants acted willfully and in bad faith in failing to comply with the Scheduling Order and Third Warning and Continuance Order and Fourth Warning.  The Court further finds that Defendants were at fault for such noncompliance.

3. The Court held the pretrial conference as scheduled on May 2, 2018. Defendants failed to appear when the matter was called, thereby materially violating the Continuance Order and Fourth Warning and Local Bankruptcy Rule 7016-1(g).  For a second time the pretrial conference had been scuttled by Defendants' bad faith and willful misconduct, leading to yet another waste of the Court's time and Plaintiff's counsel's time.  The Court further finds that Defendants were at fault for their failure to timely appear.

4. Following the failure of the second pretrial conference in this case, the Court issued an Order to Show Cause, Docket No. 23, filed and entered May 3, 2018 (the "OSC") requiring Defendants to appear and show cause why the Court should not strike their answer and enter a default as a sanction under Federal Rule of Civil Procedure 16(f) (made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure) for willfully and materially violating this Court's Scheduling Order and Third Warning and its Continuance Order and Fourth Warning.  The Court held a hearing on the OSC on June 13, 2018 at which Mr. Johnson and Plaintiff's counsel Penelope Parmes, Esq. appeared and presented argument to the Court.  Although Mr. Johnson failed to comply with a provision of the OSC requiring him to file a brief addressing issues raised in the OSC, he did file a Declaration of Kelly S. Johnson Re Order to Show Cause Re Pre-Trial Stipulation and Pre-Trial Conference, Docket No. 32, filed May 18, 2018 (the

1    "Johnson Declaration"), which the Court accepted as a substitute for the brief it

2    had ordered him to file (and excused his untimely filing of this document).[1]

3
### CONCLUSIONS OF LAW
4

5    Federal Rules of Bankruptcy Procedure 7016 and 7037 incorporate by reference (and

6    make applicable to adversary proceedings) Federal Rules of Civil Procedure 16 and 37.

7    Federal Rule of Civil Procedure 16(f) provides in relevant part as follows:

8

9    (f)  SANCTIONS.

10        (1)  *In General.*  On motion or on its own, the court may issue any just orders,
          including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its
11        attorney:
              (A)  fails to appear at a scheduling or other pretrial conference;
12            (B)  is substantially unprepared to participate—or does not participate
          in good faith—in the conference; or
13            (C)  fails to obey a scheduling or other pretrial order.

14        (2)  *Imposing Fees and Costs.*  Instead of or in addition to any other sanction,
          the court must order the party, its attorney, or both to pay the reasonable
15        expenses—including attorney's fees—incurred because of any
          noncompliance with this rule, unless the noncompliance was substantially
16        justified or other circumstances make an award of expenses unjust.

17

18    Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii) include among permissible

19    sanctions "striking pleadings in whole or in part," Rule 37(b)(2)(A)(iii), and "rendering a

20    default judgment against the disobedient party," Rule 37(b)(2)(A)(vi).

21        Here, it is clear beyond peradventure that Defendants' willful misconduct

22    encompasses all three categories delineated in Rule 16(f)(1):  they failed to appear at the

23    pretrial conference on May 2, 2018, Rule 16(f)(1)(A); they were substantially unprepared to

24    participate in the earlier pretrial conference on March 28, 2018 because they had not

25    conferred in good faith with Plaintiff and had not filed a unilateral proposed pretrial

26    stipulation, thereby wasting the Court's time and causing the Court to continue the pretrial

27

28    _____
[1] The Court did not accept the Joint Pretrial Stipulation attached to the Johnson Declaration.

1  conference to May 2, 2018, Rule 16(f)(1)(B); and (3) they failed to obey the Scheduling

2  Order and Third Warning with respect to the March 28, 2018 pretrial conference and the

3  Continuance Order and Fourth Warning with respect to the May 2, 2018 pretrial

4  conference by failing to confer in good faith with opposing counsel and failing to file a

5  unilateral proposed pretrial stipulation, Rule 16(f)(1)(C).

6       In the face of multiple warnings by this Court, Defendants have engaged in a

7  pattern of multiple willful and bad faith violations of this Court's Scheduling Order and Third

8  Warning, Continuance Order and Fourth Warning, and Federal Rule of Bankruptcy

9  Procedure 7016 (incorporating by reference Federal Rule of Civil Procedure 16)

10  encompassing failure to appear, failure to make a good faith effort to participate in the

11  preparation of a proposed pretrial stipulation, and failure to file a unilateral proposed

12  pretrial stipulation.

13       The United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") requires

14  that a party's sanctionable conduct be the result of "willfulness, bad faith or fault" before a

15  court imposes a severe sanction such as striking an answer and entering a default.

16  *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003).  "Willfulness" for this purpose is

17  "disobedient conduct not shown to be outside the control of the litigant."  *Henry v. Gill*

18  *Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

19       Having reviewed the entire record in this case, the Court concludes and finds that

20  Defendants' conduct was disobedient conduct with respect to the Court's Scheduling

21  Order and Third Warning and Continuance Order and Fourth Warning that was not outside

22  their control.  Noncompliance with these Court orders occurred because of neglect,

23  obstinacy and anger at the Plaintiff, not because they were physically or mentally

24  incapacitated or for any other reason outside their control.  Mr. Johnson's statement that

25  "Mr. Joiner will be going to Jail and/or Hell or both. . . and we are still on track for that" is

26  but one item of evidence for this proposition.  The Court also finds that Defendants'

27  disobedient conduct was in bad faith and was their fault.

28  //

Before imposing the severe sanction of striking an answer and entering a default, the Ninth Circuit requires consideration of the following five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).  The subparts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

It should be noted, however, that the United States Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP") has virtually read the "prior warning" subpart of the fifth factor out of the law, at least where there are no prior instances of noncompliance.  Based upon the BAP's reasoning, a litigant can ignore multiple warnings from a bankruptcy court and escape severe sanctions as long as the warnings were not given as a result of prior noncompliance.  *Abdul Habib Olomi v. Tukhi (In re Tukhi),* 568 B.R. 107, 117 n. 4 (B.A.P. 9th Cir. 2017) (bankruptcy court gave plaintiff <u>four</u> separate oral and written warnings about the need to comply with Local Bankruptcy Rule relating to pretrial conference; plaintiff ignored all <u>four</u> warnings and went ahead and violated the Rule in a single instance of noncompliance; <u>held</u>, bankruptcy court erred in imposing severe sanction).

The BAP has also held that is error for a bankruptcy court, in crafting a particular sanction, to look beyond the case immediately before it and consider the effect of its decision regarding sanctions with respect to other counsel's behavior in other pending and future cases:  " . . . the court's analysis incorrectly emphasized the perceived systemic impact of a more lenient approach to sanctions, instead of focusing on the potential of alternative lesser sanctions to secure future compliance from Olomi."  568 B.R. at 117.

//

//

//

//

The Public's Interest in Expeditious Resolution of Litigation

Unless additional time to prepare for trial is requested by the parties or unless the Court's calendar is especially busy, the Court's practice generally is to set trial for two to three months following the completion of the pretrial conference.  Had Defendants complied with the Scheduling Order and Third Warning, the pretrial conference would have been completed on March 28, 2018 and, as of this writing, the trial likely would have already been held and completed.  Thus, it is clear that the public's interest in expeditious resolution of litigation has been thwarted by Defendants' willful and bad faith misconduct.  Like one of the litigants in *Pryor v. RW Inv. Co. (In re Pryor)*, BAP No. CC-10-1259-PaKiSa, 2011 Bankr. LEXIS 4332 (B.A.P. 9th Cir., Aug. 12, 2011), Defendants have an established track record of improper conduct in the bankruptcy court by reason of the Court's prior finding that their petition filing was part of a scheme to hinder, delay or defraud a creditor.  Like that litigant in *Pryor*, Defendants have filed multiple bankruptcy cases.

The Court's Need to Manage Its Docket

As this Court has noted previously – and as this case proves once again – the Court has had a difficult time getting parties to comply with scheduling orders issued under the authority of Federal Rule of Bankruptcy Procedure 7016 and Federal Rule of Civil Procedure 16.[2]  The Court has had to conduct multiple pretrial conferences because a litigant fails to heed multiple oral and written warnings given by the Court regarding the need to comply with applicable rules.  Imposing the severe sanction of striking the Defendants' answer and entering their default is necessary for the control of this Court's docket.

//

---

[2] To be clear, this Court is decidedly not imposing any sanction for violation of a Local Bankruptcy Rule.  It is imposing sanctions under the authority of, and for violation of, Federal Rules of Civil Procedure 37 and 16, each of which is incorporated by reference by Federal Rules of Bankruptcy Procedure 7037 and 7016.  The Scheduling Order and Third Warning and the Continuance Order and Fourth Warning are issued under the authority of Federal Rule of Civil Procedure 16(b) and merely incorporate by reference the requirements of a Local Bankruptcy Rule – LBR 7016-1.

The Risk of Prejudice to the Party Seeking Sanctions

This is not so much a case where there is merely a <u>risk</u> of prejudice to Plaintiff – the party seeking sanctions – as one where such prejudice has already occurred and is substantial and continuing.  Defendants' repeated, bad faith and willful failures to comply with this Court's Rule 16(b) scheduling orders have caused months of delay in the determination of this adversary proceeding, have wasted the time of Plaintiff's counsel and have run up Plaintiff's legal fees and costs in their futile efforts to get Defendants to finally comply with Court orders.  As Plaintiff's counsel aptly points out, "[t]he ongoing disregard of Court orders is a pattern and practice that does not appear to stop regardless of how many times Mr. Johnson is ordered to comply – whether by this Court or the State Bar." Plaintiff's Reply to Defendants' Declarations Re Noncompliance With Order to Show Cause, Docket No. 34, filed May 29, 2018 at 4 of 6, lines 6-8.  *Chism v Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1331 (9th Cir. 1981) (defendant had been prejudiced by plaintiff's failure to comply with pretrial conference obligations).

The Public Policy Favoring Disposition of Cases on the Merits

This factor usually militates against the imposition of severe sanctions, such as a dismissal of the case or the entry of a default judgment.  The BAP's position on this factor seems to be that even mild-to-moderate obstacles to merit determinations caused by a party's noncompliant conduct in the face of multiple bankruptcy court warnings do not suffice to turn this factor in favor of the party seeking terminating sanctions – the obstacles to merits determinations must be severe and they must occur over an extended period of time.  *Abdul Habib Olomi v. Tukhi (In re Tukhi)*, 568 B.R. 107, 116 (B.A.P. 9th Cir. 2017) (scuttling of pretrial conference as a result of plaintiff counsel's material noncompliance with pretrial procedures and failure to heed four prior bankruptcy court warnings was not a severe obstacle to merits determination).  Out of an abundance of caution, the Court determines that this factor favors Defendants notwithstanding the obvious similarities between this case and an earlier unpublished BAP decision, namely, *Pryor v. RW Inv. Co.*

1  *(In re Pryor),* BAP No. CC-10-1259-PaKiSa, 2011 Bankr. LEXIS 4332 (B.A.P. 9th Cir.,

2  Aug. 12, 2011).

3  <u>The Availability of Less Drastic Sanctions</u>

4         The Court considered imposing a lesser sanction in this matter, namely, approving

5  Plaintiff's proposed pretrial stipulation.  Indeed, the Court's tentative ruling for the May 2,

6  2018 pretrial conference was precisely that – approve for entry an order adopting Plaintiff's

7  proposed pretrial stipulation.  However, when Defendants failed to appear for the May 2,

8  2018 pretrial conference, the Court determined that such a sanction would be insufficient

9  and unjust in view of Defendants' bad faith and repeated and persistent willful

10  noncompliance and their blatant disregard of the four prior warnings given by this Court.

11         The Court notes that in footnote 4 of *Olomi v. Tukhi, supra,* the BAP stated as

12  follows:

13         Sometimes, a prior warning that noncompliance will result in dismissal can serve
           as a substitute to consideration of lesser alternative sanctions.  [citations omitted]
14         This substitution theory apparently is based on the notion that the threat of
           dismissal is, itself, a form of alternative lesser sanction, and if that does not secure
15         compliance, the trial court has discharged its duty to consider alternative lesser
           sanctions.  [citation omitted]  But this substitute to considering alternative lesser
16         sanctions typically applies only when the dismissal warnings were made in
           response to prior noncompliance. [citation omitted]
17

18         The fourth and final warning given by this Court in the Continuance Order and

19  Fourth Warning was made in response to Defendants' prior noncompliance with the

20  Scheduling Order and Third Warning through their failure to properly prepare for the first

21  pretrial conference held on March 28, 2018.  This falls within the rule of *Olomi v. Tukhi* in

22  footnote 4 stated above and satisfies the requirement of considering the availability of

23  lesser sanctions.

24         The striking of Defendants' answer is not disproportionate in relationship to their

25  conduct in this case.  What occurred here, in a very brief summary, is the flouting and

26  disregard of four separate and very explicit oral and written warnings given by the Court

27  coupled with material noncompliance with the Court's Scheduling Order and Third Warning

28  and Continuance Order and Fourth Warning over a period of about three months (March to

May, 2018), leading to the collapse of two pretrial conferences with the resulting waste of the Court's time and Plaintiff's counsel's time.  The striking of Defendants' answer and the entering of a default is proportionate to their repeated and serious violation of the Court orders referenced above which, as the Court finds, were willful and in bad faith and the fault of Defendants.

In summary, four of the five relevant factors under *Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Cir. 1987) favor Plaintiff and only one is in Defendants' favor.  The balance sharply tilts in Plaintiff's favor.  For these reasons, the Court strikes Defendants' answer and enters their default pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii), incorporated by reference by Federal Rule of Bankruptcy Procedure 7037.  Additionally, pursuant to Federal Rule of Bankruptcy Procedure 7016 and Federal Rule of Civil Procedure 16(f)(2), the Court orders Defendant to pay Plaintiff's reasonable expenses (including but not limited to attorneys' fees) incurred because of Defendants' material failure to comply with Rule 16 and the Court orders issued under the authority of that rule.

Plaintiff shall file a motion for entry of default judgment on or before August 31, 2018 (which shall include an application for Plaintiff's reasonable expenses incurred as a result of Defendants' failure to comply with applicable rules, as referenced in the preceding sentence) and set the matter for hearing based upon available dates on the Court's calendar.  Defendants are granted leave of Court to file an opposition to such motion and to appear at the hearing and make such arguments as may be appropriate.

**IT IS SO ORDERED.**

### 

Date: June 22, 2018

Mark S. Wallace
United States Bankruptcy Judge